# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| ATAIN SPECIALTY INSURANCE COMPANY,<br><br>  Plaintiff,<br><br>v.<br><br>MATT KNIGHT CONSTRUCTION, LLC, JAMES MATTHEW KNIGHT, MAUREEN BROWN, and KERRY BROWN,<br><br>  Defendants. | Civil Action File No.: 3:21-CV-00032 |

### PLAINTIFF ATAIN SPECIALTY INSURANCE COMPANY'S
### COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Atain Specialty Insurance Company ("Atain"), files its Complaint for Declaratory Judgment against Matt Knight Construction, LLC, James Matthew Knight, Maureen Brown, and Kerry Brown (collectively, the "Defendants"), stating as follows:

### NATURE OF THE ACTION

1. This is an insurance coverage action in which Atain seeks a declaratory judgment, under 28 U.S.C. § 2201, regarding its duty to defend and/or indemnify Matt Knight Construction, LLC ("MKC") and James Matthew Knight ("Mr. Knight") (together, the "Insured Parties"), or any other defendants, in an arbitration action filed by Maureen Brown and Kerry Brown ("the Browns"). The arbitration is styled as *Maureen Brown and Kerry Brown v. Matt Knight Construction, LLC and James Matthew Knight* (the "Underlying Action").

2. Atain is a Michigan corporation with its principal place of business in Farmington Hills, Michigan. Atain is a citizen of Michigan.

3. Matt Knight Construction, LLC ("MKC") is a Georgia limited liability company with its principle office located at 1320 McHenry Crossing, Madison, GA 30650. MKC may be served through its registered agent, Matt Knight, at 1320 McHenry Crossing, Madison, Georgia 30650. MKC's members are citizens of Georgia.

4. James Matthew Knight ("Mr. Knight") is a resident of Madison, Georgia. Mr. Knight may be served at his place of residence, 1320 McHenry Crossing, Madison, Georgia 30650. James Matthew Knight is listed as MKC's "manager" in registration filings with the Georgia Secretary of State.

5. Upon information and belief, Maureen and Kerry Brown ("the Browns") are residents of Buckhead, Georgia. The Browns may be served at their place of residence, 5951 Bethany Road, Buckhead, Georgia.

6. The Court has personal jurisdiction over each of the Defendants by virtue of sufficient contacts with the forum.

7. Complete diversity of citizenship exists between Atain and the Defendants because Atain is a Michigan citizen and the Defendants are citizens Georgia. The amount in controversy exceeds $75,000, exclusive of interest and costs.

8. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

9. Venue is proper because a substantial part of the events giving rise to the allegations in the Underlying Action occurred in this district and, in the alternative, at least one defendant is subject to the Court's personal jurisdiction in this district, pursuant to 28 U.S.C. § 1391.

10. To ensure complete relief, Atain named the Browns, Plaintiffs in the Underlying Action, in addition to the Insured Parties.

11. This action is brought pursuant to 28 U.S.C. § 2201 and seeks declaratory relief as to Atain's obligations for the Underlying Action to the Insured Parties, or any of the other potential defendants, under a policy of insurance issued to MKC.  Atain is uncertain as to its duties, rights, and obligations and files this declaratory judgment action to resolve questions of coverage under the insurance policy, including its duty to defend and/or indemnify the Insured Parties in the Underlying Action.  An actual and justiciable dispute over those duties, rights, and obligations exists between the parties.

## THE UNDERLYING ACTION

12. Atain repeats and re-alleges each of the foregoing paragraphs as if fully set forth herein.

13. On August 13, 2020, the Browns filed an Arbitration Demand against MKC and Mr. Knight.

14. The Arbitration Demand was later amended to add additional counts on September 11, 2020 and again on February 12, 2021.  Together, we refer to the Arbitration Demand and its two amendments as the "Underlying Action."  A true and accurate copy of the Arbitration Demand and the two amendedments is attached hereto as Exhibit "A".

15. The Underlying Action alleges that on or about September 12, 2017, MKC and the Browns entered into contract for the ground up construction of the Browns' residence located at 5951 Bethany Road, Buckhead, Georgia.

16. According to the Underlying Action, The Certificate of Occupancy for the home was issued on October 10, 2018, and the Browns moved in on October 12, 2018.

17. The Underlying Action alleges that on October 27, 2018 the Browns noticed that the crawl space was flooded and that water from the master bathroom had been pouring into the crawl space as the result of improper plumbing.

18. The Underlying Action asserts that the plumbing issues further resulted in foundation issues.

19. The Underlying Action also asserts that the plumbing issues and water in the crawl space caused mold.

20. The Underlying Action further states that there were other construction defects found upon inspection of the home that required repair.

21. The Underlying Action asserts that the parties agreed to certain repairs on December 20, 2018 and that throughout 2019 Mr. Knight, on behalf of MKC, attempted repairs but failed to correct the documented defects.

22. The Underlying Action also states that the Browns have suffered from prolonged exposure to mold and have concerns about their health.

23. In the Underlying Action, the Browns seek damages for Breach of Contract, Negligence, Attorney's Fees, Diminution in Value, Intentional Infliction of Emotional Distress, and Breach of Warranty.

24. The Underlying Action is currently stayed pursuant to Georgia's Right to Repair Act, O.C.G.A. § 8-2-35, et seq.

25. The Browns served a Right to Repair Notice on MKC on March 23, 2021, asserting their intent to bring claims against MKC for Breach of Contract, Negligence, Breach of Warranty, Diminution in Value, Intentional Infliction of Emotional Distress, and Attorney's Fees.  A true and accurate copy of the Right to Repair Notice served on MKC is attached hereto as Exhibit "B".

26. The Browns served a Right to Repair Notice on Mr. Knight on March 23, 2021, asserting their intent to bring claims against Mr. Knight for Negligence, Diminution in Value, Intentional Infliction of Emotional Distress, and Attorney's Fees. A true and accurate copy of the Right to Repair Notice served on Mr. Knight is attached hereto as Exhibit "C".

## ATAIN'S RESERVATION OF RIGHTS

27. On January 24, 2020, after being notified of the Brown's Claims, Atain issued a reservation of rights letter to MKC and Mr. Knight with respect to the Claims, advising that coverage may be denied based on multiple Policy provisions. This letter also advised MKC and Mr. Knight that Atain would defend them against the Claims pursuant to a complete Reservation of Rights. A true and accurate copy of the January 24, 2020 Reservation of Rights letter is attached as Exhibit "D".

## THE POLICY

28. Atain repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

29. Atain issued commercial general liability policy number CIP347636 to Matt Knight Construction, LLC for the period of March 19, 2018 to March 19, 2019 and policy number CIP382343 for the period of March 19, 2019 to March 19, 2020 (together, the "Policies"). True and correct copies of the Policies are attached as Exhibits "E" and "F".

30. The Commercial General Liability Coverage Form for the Policies states, in pertinent part, as follows:

> **SECTION I – COVERAGES**
> **COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
> 1. **Insuring Agreement**
>    a. We will pay those sums that the insured becomes legally obligated to

>pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking "bodily injury" or "property damage" to which this insurance does not apply. …

Ex. E, CG 00 01 04 13, p. 1 of 16; Ex. F, CG 00 01 04 13, p. 1 of 16.

31. The Policies contain an exclusion for Damage to Property, providing:

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

* * *

**2.   Exclusions**

>This insurance does not apply to:

* * *

>**j.   Damage to Property**
>
>>"Property damage" to:
>
> * * *
>
>>(5) That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on our behalf are performing operations, if the "property damage" arises out of those operations; or
>>
>>(6) That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

Ex. E, CG 00 01 04 13, pp. 1-5 of 16; Ex. F, CG 00 01 04 13, pp. 1-5 of 16.

32. The Policies also contain an exclusion for damage to the insured's work, which states:

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

* * *

**2.   Exclusions**

>This insurance does not apply to:

* * *

    **j.**    **Damage to Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

Ex. E, CG 00 01 04 13, pp. 1-5 of 16; Ex. F, CG 00 01 04 13, pp. 1-5 of 16.

    33.    The Policies also contain an Subsidence Exclusion, which provides as follows:

**SUBSIDENCE EXCLUSION**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART OWNERS AND CONTRACTORS PROTECTIVE LIABILITY COVERAGE PART PRODUCTS COMPLETED OPERATIONS LIABILITY COVERAGE PART BUSINESS OWNERS LIABILITY COVERAGE FORM PROFESSIONAL LIABILITY COVERAGE PART

This insurance does not apply and there shall be no duty to defend or indemnify any insured for any "occurrence", "suit", liability, claim, demand or cause of action arising, in whole or in part, out of any "earth movement." This exclusion applies whether or not the "earth movement" arises out of any operations by or on behalf of any insured.

"Earth movement" includes, but is not limited to, any earth sinking, rising, settling, tilting, shifting, slipping, falling away, caving, erosion, subsidence, mud flow or any other movements of land or earth.

Ex. E, AF-33530 06-2016; Ex. F, AF-33530 06-2016.

    34.    Finally, the Policies also exclude coverage for Fungi or Bacteria, reading as follows:

**FUNGI OR BACTERIA EXCLUSION**

This endorsement modifies insurance provided under the following:

Commercial General Liability Coverage Part

    A.    The following exclusion is added to Paragraph **2. Exclusions** of **Section I – Coverage A – Bodily Injury and Property Damage Liability:**

7

    **2.**    **Exclusions**

This insurance does not apply to:

**Fungi or Bacteria**

    a.    "Bodily injury" or "property damage" which would not have occurred, in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any "fungi" or bacteria on or within a building or structure, including its contents, regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury or damage.

    b.    Any loss, cost or expenses arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to or assessing the effects of, "fungi" or bacteria, by any insured or by any other person or entity.

This exclusion does not apply to any "fungi" or bacteria that are, are on, or are contained in, a good or product intended for bodily consumption.

\* \* \*

C.    The following definition is added to the **Definitions** Section**:**

"Fungi" means any type or form of fungus, including mold or mildew and any mycotoxins, spores, scents or byproducts produced or released by fungi.

Ex. E, CG 21 67 12 04; Ex. F, CG 21 67 12 04.

## COUNT I – DECLARATORY RELIEF
## (NO DUTY TO DEFEND OR INDEMNIFY)

35.    Atain repeats and realleges paragraphs 1-34 as if fully set forth herein.

36.    The Underlying Action alleges that the Browns suffered damages as the result of MKC and Mr. Knight's alleged faulty work on the ground up construction project, including costs to repair or replace MKC and Mr. Knight's work.

37.    The Underlying Action further alleges that the foundation of the property has been

damaged as the result of MKC and/or Mr. Knight's work.

38. The Underlying Action alleges that the Browns have suffered both bodily injuries and property damage as the result of mold.

39. The Browns seek to recover for bodily injury and property damage that they allege were caused by MKC and Mr. Knights faulty work.

40. The Browns further seek to recover damages due to an alleged diminution of value of their property in addition to damages for intentional infliction of emotional distress.

41. The Browns' allegations as to MKC and Mr. Knight and their intent to bring these claims are further asserted in their statutory Right to Repair Notices, which state that the Browns will assert claims for faulty work and use of substandard materials that resulted in damage to property, diminution of the property's value, and intentional infliction of emotional distress.

42. Therefore, the Browns' claims against MKC and Mr. Knight:

    (a) do not fall within the Policies' insuring agreement;

    (b) do not allege damages that occurred during the Policy period;

    (c) fall within the Policies' exclusions for Damage to Property, Your Work, Subsidence, and Fungi or Bacteria Exclusions; and

    (d) do not constitute a "suit" for which Atain owes a defense and/or indemnification under either Policy.

43. Accordingly, Atain seeks a declaration that there is no coverage under the Policies for the claims alleged in the Underlying Action and, therefore, that Atain has no duty to defend or indemnify MKC or Mr. Knight for any claims arising out of, or related to, the Underlying Action.

**PRAYER FOR RELIEF**

WHEREFORE, Atain prays for:

1. The Court to declare that there is no coverage available under the Policies for MKC or Mr. Knight, and that judgment be entered in favor of Atain and against all of the Defendants that Atain owes no duty to defend MKC or Mr. Knight, or any other party, in the Underlying Action or against any claims or suits that may have been or may be brought arising out of or related to the facts alleged in the Underlying Action or the Statutory Right to Repair Notice;

2. The Court to order that Atain may withdraw the defense being provided to MKC or Mr. Knight in the Underlying Action;

3. The Court to order that Atain is entitled to recover all defense costs incurred to date to defend MKC or Mr. Knight in the Underlying Action; and

4. The Court to award Atain its costs of suit and such other relief as the Court deems just and proper.

This 2nd day of April 2021.

**WOOD, SMITH, HENNING & BERMAN LLP**
1230 Peachtree Street, Suite 925
Atlanta, Georgia 30309
Telephone: 470-552-1150
Fax: 470-552-1151
rzelonka@wshblaw.com
mmoyer@wshblaw.com
slytle@wshblaw.com

*/s/ Richard E. Zelonka, Jr.*
Richard E. Zelonka, Jr.
Georgia Bar No.: 142152
Molly L. Moyer
Georgia Bar No. 987498

*Counsel for Atain Specialty Insurance Company*